UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
TAMPA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 8:18-bk-009917 |
| | : | |
| WORK & SON, INC., | : | CHAPTER 11 |
| | : | |
|     Debtor. | : | |
| _____ | : | |

**EXPEDITED MOTION TO APPOINT CHAPTER 11 TRUSTEE
PURSUANT TO 11 U.S.C. § 1104(a) and (b) OR IN THE ALTERNATIVE MOTION FOR
RELIEF FROM AUTOMATIC STAY TO ALLOW ENTRY OF ORDER GRANTING
APPOINTMENT OF RECEIVER AND TO RECOGNIZE RECEIVER AS THE
DEBTOR IN POSSESSION**

KERI A. WORK, as ("**Wife**"), a creditor and a party in interest, by and through her undersigned counsel, moves this Court to appoint a Chapter 11 Trustee in this bankruptcy case pursuant to 11 U.S.C. § 1104(a) and (b), on the grounds that the Debtor WORK & SON, Inc., and its president, CLIFFORD F. WORK ("**Husband**"), have committed acts constituting fraud, dishonesty, and gross mismanagement of the affairs of the Debtor, and such appointment is in the best interests of creditors.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1408 and 1409. This subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 1104(a) of the Bankruptcy Code.

# MEMORANDUM OF LAW

## Procedural History

1. On <u>January 17, 2017</u>, Wife filed a Verified Petition for Dissolution of Marriage and Other Relief ("**Divorce Proceedings**") in Hillsborough County, Florida under Case No.: 17-DR-000810.

2. Wife sought dissolution and other relief including Equitable Distribution of Marital Properties including the following entities owned by Husband and Wife: Work & Son, Inc ("**Work & Son**"), Work & Son- Memorial Services, Inc. ("**Memorial Services**"), Work & Son- Osiris, Inc. ("**Osiris**"), Work & Son- Kraeer Holdings, Inc. ("**Kraeer Holdings**") Work & Son- Royal Palm Acquisition, Inc. ("**Royal Palm**"), and Work & Son- Sarasota Memorial, Inc. ("**Sarasota Memorial**") (together, the "**Companies**").

3. The Companies were properly joined as parties in the Petition for Dissolution to allow the state court to exercise control over the operations, management and assets of the Companies as part of the dissolution of marriage proceeding.

4. Husband and Wife are the only owners of the Companies.

5. On or about <u>October 2016</u>, Husband ousted Wife from any direct involvement in the Companies.

6. At all times relevant, Husband has served as the president of the Companies and exercised full managerial discretion and control over the daily operations. Husband further exercised sole control over the Companies and the trusts held by the Companies.

7. On <u>May 8, 2018</u>, the state court- the Honorable Circuit Judge Ralph Stoddard ("**Judge Stoddard**") held an evidential hearing on Wife's motion for contempt for non-payment of support and Wife's request for temporary attorneys' fees and costs. At that hearing

Judge Stoddard announced *sua sponte* that he has heard sufficient evidence for the Court on the Court's own motion to consider the appointment of a receiver. The Court later in the written order deferred the issue of appointing a receiver stating that it was temporarily satisfied that as a result of transparency required by Husband and Wife the the Companies were not in immediate financial danger. A copy of the Order from the May 8, 2018 Hearing is attached as Exhibit "**A**".

8. On August 2, 2018, an evidential hearing was held on the Companies motion for rehearing of the attorneys' fees and support ruling made at the May 8, 2018 hearing. After hearing testimony from the Companies accountant preparing the delinquent tax returns and the Wife's forensic accountant, the Court stated that it was concerned based on the entirety of evidence presented at the hearing that the management of the Companies could potentially imperil the continued viability of the Companies and the ability of the parties to maintain the necessary income to maintain the essential living expenses of the Husband and Wife and their minor child.

9. On August 3, 2018, Wife filed the Motion for Appointment for Receiver (the "**Motion**"). A copy of the Motion is attached hereto as Exhibit "**B**".

10. On October 29, 2018, after an evidentiary hearing, Judge Stoddard granted the Wife's Motion and orally appointed Michael Luetgert as the receiver for the Companies. A copy of the Partial Transcript of the evidentiary hearing is attached hereto as Exhibit "**C**".

11. At the hearing, Judge Stoddard made findings that

    a. The company "…is not operating just fine. It has outstanding judgments against it. It is at the very least under the scrutiny of its regulatory agency. And it still hasn't paid taxes, 941 taxes that would subject the parties to

      criminal liability. That's undisputed in this case." Partial Tr. 101: 1-12, October 29, 2018.

    b. "Mr. Work has had access to real property and funds in the seven figures and he still hasn't paid those taxes which subjects the parties to criminal liability and subjects the marital estate to ongoing tax penalties." Partial Tr. 101: 22-25 and 102: 1, October 29, 2018.

    c. "Your argument to me is the corporation is managed and running perfectly good, but here you have a major asset that has to be sold to attend to the parties' ongoing needs and it's been allowed to be run down with vagrants on it." Partial Tr. 103: 1-5, October 29, 2018.

12. Subsequently a dispute arose over the content of the *proposed* Order Granting the Motion between for Husband and Wife.

13. On November 9, 2018, Wife filed an *Emergency* Motion for Entry of the Order Appointing Receiver to resolve the dispute over the *proposed* Order. A copy of the *Emergency* Motion for Entry of the Order Appointing Receiver is attached hereto as Exhibit "**D**".

14. The delay in the entry of the *proposed* Order afforded the Husband the opportunity for mischief including the Husband $32,786.57 from a trust account, the Husband issuing and cashing a check for $26,556.92.

15. On November 15, 2018, last Thursday, Judge Stoddard heard the *Emergency* Motion for Entry of the Order Appointing Receiver.

16. At the hearing, Judge Stoddard made detailed findings that he required be included in the Order Appointing Receiver (the "**Order**"). A copy of that transcript has been ordered on an expedited basis and is pending.

17. Based on the evidence presented Judge Stoddard found amongst other things that:

   a. The Companies have not been operated properly and have been mismanaged by Husband, as reflected by the outstanding judgments against the Companies, scrutiny by the State of Florida Department of Financial Affairs (the companies regulatory agency) and failure to file tax returns and to pay tax liabilities.

   b. Wife has a marital interest and a clear equitable right in and to the assets and/or the stock of the Companies and to the proceeds thereof.

   c. Based on testimony received, Judge Stoddard had good reason to believe that the Companies own and operate funeral and cemetery businesses and other assets, that the cemeteries are prominent, unencumbered and have access to vast sums of money held in various trusts (none of which have been subject to audit), that the potential value of the marital estate is between $2 million and $10 million, all of which is in danger of diminishing in value unless it is properly managed by someone responsible to the Court who has no interest in the litigation.

   d. As a result of Wife's interests noted above, Wife has a clear right to seek the appointment of a receiver.

   e. Either the Companies have been and are being deliberately mismanaged by the Husband for strategic advantage in this case or the Companies are insolvent. Either way, Judge Stoddard determined that there is a real and present danger that the Companies will continue to suffer severe penalties and lose value, unless a receiver is appointed.

  f. It is clear to Judge Stoddard that these equitable distribution issues will likely not be resolved short of a sale or the orderly disposition of the Companies and their assets/properties.

  g. No other form of protection of the marital estate will suffice to identify and to preserve the marital assets and the value thereof; and no other procedure or mechanism will facilitate the preparation/compilation of the marital assets and hold them until they can be sold or financed.

  h. The equities of this matter clearly favor the appointment of a receiver to manage and to sell or liquidate the Companies, upon appropriate Court approval.

18. On <u>November 15, 2018</u>, a *proposed* Order Appointing Receiver (the "**Proposed Order**") based on Judge Stoddard's' detailed findings and instructions for drafting the Proposed Order was again circulated. A copy of the Proposed Order is attached hereto as Exhibit "**E**". Counsel for Husband was informed that the Proposed Order would be uploaded to the family law court Monday, November 19, 2018 at noon.

19. On <u>Sunday, November 18, 2018</u> at 5:59 p.m. approximately 12-hours before the Proposed Order was uploaded Wife received the Suggestions of Bankruptcy for each Company.

**Standard of Review for Appointment of a Trustee in a Chapter 11**

20. Section 1104(a)(1) of the United States Bankruptcy Code provides for the appointment of a trustee in a Chapter 11 case:

> At any time after the commencement of the case but before confirmation of the plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case or similar cause, but not including the number of

> holders of securities of the debtor or the amount of assets of liabilities of the debtor;
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor. . .

11 U.S.C. § 1104(a).

21. 11 U.S.C. § 1104 (a)(1) <u>mandates</u> appointment of a trustee for cause and provides a *nonexhaustive* list of conduct warranting such appointment. *See, In re SunCruz Casinos, LLC*, 298 B.R. 821, 828 (Bankr. S.D.Fla. 2003) (emphasis added).

22. Additional factors affecting a court's decision to appoint a trustee include:

(a) Materiality of the misconduct;

(b) Evenhandedness, or lack of same, in dealings with insiders or affiliated entities *vis-a-vis* other creditors or customers;

(c) The existence of pre-petition voidable preferences or fraudulent transfers;

(d) Unwillingness or inability of management to pursue estate causes of action

(e) Conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor; and

(f) Self-dealings by management or waste or squandering of corporate assets. *In re Intercat, Inc.* 247 B.R. 911, 921 (Bankr. S.D. Ga. 2000); *SunCruz Casinos, LLC*, 298 B.R. at 830.

23. Whether there are sufficient grounds for appointment of a trustee under § 1104(a) is a matter for the Court's discretion. *See, In re American Preferred Prescription, Inc.*, 250 B.R. 11, 15-18 (E.D.N.Y. 2000) *amended on other grounds*, 265 B.R. 13 (E.D.N.Y. 2000), *judgment reversed on other grounds*, 255 F.3d 87 (2d Cir. 2001) (explaining when a trustee may be appointed under § 1104(a) of the Bankruptcy Code); *In re Anchorage Boat Sales, Inc.*, 4 B.R.

635, 644 (Bankr. E.D.N.Y. 1980) (same); *In re L.S. Good & Co.*, 8 B.R. 312, 314 (Bankr.N.D.W.Va. 1980) (same).

24. Once cause is found for the appointment of a trustee, the court has no discretion and **must** appoint a trustee. *In re Oklahoma Refining Co*. 838 F.2d 1133, 1136 )10th Cir. 1988).

25. The factors for the appointment of a chapter 11 trustee as set forth in 11 U.S.C. § 1104(a) are satisfied in this case.

## Argument

**I.  A CHAPTER 11 TRUSTEE SHOULD BE APPOINTED FOR CAUSE, BECAUSE CURRENT MANAGEMENT, HUSBAND, HAS COMMITTED ACTS OF FRAUD, DISHONESTY, INCOMPETENCE, AND GROSS MISMANAGMENT.**

26. Section 1104(a) provides for the appointment of a trustee where there is fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or for "similar cause." 11 U.S.C. § 1104(a). In this case, there are numerous acts taken by the Debtor, *vis-à-vis* Husband amounting to fraud, dishonesty, incompetence, and gross mismanagement.

27. Under Husband's management of the Companies there has been gross mismanagement:

   a. The Companies have failed to file or pay income taxes and payroll taxes since the 2013 tax year;

   b. The Companies have been under almost constant investigation and prosecution for failure to maintain their premises resulting in multiple administrative order to cure that have been and remain unsatisfied;

   c. The Companies financial record-keeping is totally non-existent in fact less than 20% of transactions were recorded in the Companies' QuickBooks

software with the only record of transactions being unreconciled bank statements and records maintained by trust disbursements;

   d. Judge Stoddard found specifically that:

      i. The Companies have not been operated properly and have been mismanaged by Husband, as reflected by the outstanding judgments against the Companies, scrutiny by the State of Florida Department of Financial Affairs (the companies regulatory agency) and failure to file tax returns and to pay tax liabilities;

      ii. Based on testimony received, the Court has good reason to believe that the Companies own and operate funeral and cemetery businesses and other assets, that the cemeteries are prominent, unencumbered and have access to vast sums of money held in various trusts (none of which have been subject to audit), that the potential value of the marital estate is between $2 million and $10 million, all of which is in danger of diminishing in value unless it is properly managed by someone responsible to the Court who has no interest in the litigation.

      iii. Either the Companies have been and are being deliberately mismanaged by the Husband for strategic advantage in this case or the Companies are insolvent. Either way, the Court has determined that there is a real and present danger that the Companies will continue to suffer severe penalties and lose value, unless a receiver is appointed.

28. With such management failures, the Companies are at substantial risk of loss of assets, if not outright destruction.

29. This risk of loss is enhanced by the strategic filing of this chapter 11 proceeding by Husband and the Companies to prevent appointment of a receiver.

**II. A CHAPTER 11 TRUSTEE WILL BE ABLE TO RECOVER AND PRESERVE ASSETS FOR THE REORGANIZATION OF THE DEBTOR AND PROVIDE PAYMENT TO CREDITORS.**

30. Section 1104(b) provides for the appointment of a trustee "if such appointment is in the interests of creditors." 11 U.S.C. § 1104(b). Appointing a chapter 11 trustee would provide the Debtor with a true fiduciary to the bankruptcy estate. A true fiduciary is necessary to recover and preserve assets for the reorganization of the Debtor, and to provide payment to creditors. Specifically, a trustee would be authorized to assert the following claims:

31. As a general rule, a claim for misappropriation and waste of corporate assets by a director or officer of a corporation belongs to the corporation and not to its shareholders, and third parties will not be allowed to recover directly. *Pickett v. Paine*, 230 Ga. 786, 790, 199 S.E.2d 223 (1973); *Thrift v. Maxwell*, 162 Ga. App. 237, 290 S.E.2d 301 (1982).

32. The bankruptcy estate may have a viable claim against Husband to pierce the corporate veil, and to recover damages for misappropriation of corporate assets.

33. It is clear that Debtor, under Husband's management of the Companies, will not cause the Debtor to sue himself for misappropriation of corporate assets. To the contrary, he has demonstrated that he will take any and all measures within his power to frustrate the Debtor's creditors and Wife. Debtor, under Husband's management caused delay of the entry of the Order appointing M.D. Luetgert as receiver of the Companies and used the delay to dissipate assets to the detriment of Wife and the other creditors.

**Conclusion**

34. Cause exists for the appointment of a chapter 11 Trustee, due to the fraud, dishonesty, incompetence, and gross mismanagement of the affairs of the Debtor. The appointment of a chapter 11 Trustee is also critical, as the current management has no incentive to recover and preserve assets for the reorganization of the Debtor and/or provide payment to creditors.

35. Alternatively, the Court should grant for Relief from the Automatic Stay to allow Judge Stoddard to enter his Order Appointing Receiver and the Court should remove the Debtor as Debtor in Possession and substitute the Receiver in its place.

**WHEREFORE,** this Court should (i) consider this Motion on an expedited basis; (ii) grant the Motion for Appointment of a Chapter 11 Trustee; and (iii) Appoint Michael Luetgert as Chapter 11 Trustee; (iv) grant such other relief in favor of the Movant that is just, equitable and proper.

Dated: November 19, 2018

/s/ *Allison D. Thompson*
Allison D. Thompson
Florida Bar No. 36981
athompson@solomonlaw.com
bankruptcy@solomonlaw.com
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)

**Certificate of Service**

   I hereby certify that a copy of the foregoing has been furnished by CM/ECF or United States mail on November 19, 2018, to:

Work & Son, Inc.
2600 Gandy Blvd.
Pinellas Park, Florida 33702
**Debtor**

Mary A. Joyner
Law Office of Mary A. Joyner, PLLC
1503 S. US Highway 301, Ste. 115
Tampa, Florida 33619
**Attorney for Debtor**

United States Trustee
Office of the United States Trustee
501 E. Polk Street
Timberlake Annex, Ste. 1200
Tampa, Florida 33602
**U.S. Trustee**

                /s/ *Allison D. Thompson*
                Allison D. Thompson
                Florida Bar No. 36981
                athompson@solomonlaw.com
                bankruptcy@solomonlaw.com
                **THE SOLOMON LAW GROUP, P.A.**
                1881 West Kennedy Boulevard, Suite D
                Tampa, Florida 33606-1611
                (813) 225-1818 (Tel)
                (813) 225-1050 (Fax)