UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

WORK & SON, INC.,

Chapter 11
CASE NO. 8:18-bk-09917-CED

Jointly Administered with

WORK & SON – KRAEER HOLDINGS, INC.            CASE NO. 8:18-bk-09918-CED
WORK & SON – MEMORIAL SERVICES, INC.      CASE NO. 8:18-bk-09919-CED
WORK & SON – OSIRIS, INC.                                  CASE NO. 8:18-bk-09920-CED
WORK & SON – ROYAL PALM
   ACQUISITION, INC.                                             CASE NO. 8:18-bk-09921-CED
WORK & SON – SARASOTA MEMORIAL, INC.      CASE NO. 8:18-bk-09922-CED

Debtors.
_____/

**DEBTORS' CHAPTER 11 CASE MANAGEMENT SUMMARY**

WORK & SON, INC. ("Management"), WORK & SON – KRAEER HOLDINGS, INC. ("Kraeer"), WORK & SON – MEMORIAL SERVICES, INC. ("Memorial Services"), WORK & SON – OSIRIS, INC. ("Osiris"), WORK & SON – ROYAL PALM ACQUISITION, INC. ("Royal Palm"), and WORK & SON – SARASOTA MEMORIAL, INC. ("Sarasota"), (hereinafter collectively the "Debtors"), by and through their undersigned attorney, hereby file this Case Management Summary says that:

**INTRODUCTION**

The Debtors filed their Voluntary Petitions for Relief under Chapter 11 of the United States Code (the "Bankruptcy Code") on November 18, 2018 and Orders for Relief have been entered.

**CASE MANAGEMENT**

1.    The Debtors own and operate three (3) funeral homes and three (3) cemeteries. Work & Son, Inc. is the management company that manages the affiliated Debtors but does not

own any real property. The specific properties owned by respective affiliates are follows:

    a.    Kraeer owns a funeral home in Clearwater, Florida;

    b.    Memorial Services owns a funeral home in Bradenton, Florida;

    c.    Osiris owns a funeral home and a cemetery in St. Petersburg, Florida. This is also the location where Management operates;

    d.    Royal Palm owns a cemetery in St. Petersburg, Florida; and

    e.    Sarasota owns a cemetery in Sarasota, Florida.

The Debtors are in the death care industry that conduct funeral services, embalming and cemetery arrangements under the Florida Regulatory Authority of the Department of Financial Services.

2.    All properties listed herein are owned by the Debtors and there are no leased properties.

3.    The Debtors have outstanding taxes due and owing for income taxes as well as 940/941 taxes. In addition, prior to the filing of the Petitions for Relief, the Debtors were joined in the dissolution of marriage litigation of the principal wherein the principal's ex-wife filed an emergency motion to appoint a receiver. This case was filed prior to a receiver being appointed in the dissolution of marriage litigation.

4.    The only officer and shareholder of the Debtor is Clifford F. Work. His salary prior to filing the Petitions herein was $99,999.99 annually. Mr. Work's shares in the company are derived from 49 shares of stock that are arguably marital property and 49 shares of stock that Mr. Work received as inheritance from his parents' estate. In addition, Matthew Work, the son of Clifford Work, is employed by Management. Matthew Work's pre-petition salary was $50,000.00 annually. Both Mr. Work and Matthew Work have use of company vehicles and cell phones in

addition to their salaries.

5. The year-to-date gross revenues of the Debtors for 2018 are approximately $1,420,690.00.

6. There are taxes due and owing to the Internal Revenue Service and real estate taxes due in the approximate amount if $1,100,000.00. The Debtor's accountant is currently preparing tax returns and an exact figure is unknown at this time and one of the reasons that the Debtors filed chapter 11 cases. In addition to the taxes, there are (3) secured creditors as follows:

   a. Caterpillar Financial in the amount of $17,825.00 secured by equipment;

   b. BMW Financial in the amount of $20,535.16 secured by an automobile; and

   c. SunTrust Bank in the amount of $11,616.54 secured by an automobile.

Unsecured creditor information is as follows:

   a. Batesville Casket Company has a judgment lien in the amount of $194,7214.41 against Management;

   b. Funeral Services Acquisition Group, Inc. may have a claim of $243,888.00 but the Debtor believes that claim is now owned by another entity;

   c. Various miscellaneous creditors are owed approximately $25,397.34 excluding professional services such as the Debtors' accountant firm. Management is requesting exact figures for professional services and believes the approximate amount is $100,00.00.

7. The assets are comprised of three (3) cemeteries, two (2) active funeral homes and one (1) inactive funeral home, all of which are regulated under Florida Statute 497. The Debtors have pre-need trust funds attached to the licenses for each location. These trust funds are held primarily at Funeral Services Inc. ("FSI") located in Tallahassee, Florida. Such trust funds are

ear-marked for pre-need services (prepaid death services) and can only be withdrawn by three methods per state law: 1) service or delivery of contracted items, 2) cancellation by purchaser, or 3) default of contract. When one of these methods occurs, Management may request the principal and all associated earnings from the trust account. Historically, the amount received from the trust account does not cover the current expenses associated with the execution of the contract. The FSI trust account balance is approximately $9,017,469.75. Current book value of real property (as of 12/31/2017) is $786,628.00. There are no current appraisals for the real property. However, the inactive funeral home is being marketed and does have a tentative offer of $750,000.00.

8. The Debtors collectively have twenty (20) employees. The Debtors are synergist companies and employees may float locations as needed but predominantly the staffing is as follows:

   a. Management has 3 full-time employees and 1 part-time employee. However, the principal and his son are counted in this number;

   b. Kraeer has 1 full-time employee;

   c. Osiris has 3 full-time employees;

   d. Royal Palm has 6 full-time employees and 5 part-time employees; and

   e. Sarasota has 1 full-time employee.

9. Employees are paid bi-weekly with one week in arrears. Payroll accrued approximately $7,563.30 with $2,876.53 in payroll taxes.

10. An emergency motion to pay pre-petition wages has been filed to authorize the Debtors to pay the accrued payroll which is due to employees on November 30, 2018.

11. The Debtors' objectives include negotiating with the Internal Revenue Service and Florida Department of Revenue to pay the taxes owed. The Debtors will also seek authority to

sale the inactive funeral home in Bradenton.

WHEREFORE, the Debtors respectfully submit this Case Management Summary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Case Management Summary was furnished this 20th day of November 2018 by electronic mail and/or U.S. Mail on the 21st day of November 2018 to the Office of the United States Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602; Allison D. Thompson, Esq., 1881 W. Kennedy Blvd., Suite D, Tampa, FL 33606-1611; and to those creditors on the attached matrix.

                LAW OFFICES OF MARY A. JOYNER, PLLC

                /s/ Mary A. Joyner
                MARY A. JOYNER, ESQUIRE
                Florida Bar No. 115739
                1503 S. U.S. Highway 301, Suite 115
                Tampa, Florida 33619
                Telephone: 813-328-2115
                Facsimile: 813-315-7728
                mary@attorneyjoyner.com